# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| FRANCISCA R. RAMOS, | |
| Plaintiff, | No. C 13-4040-MWB |
| vs. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ORDER REGARDING REPORT AND RECOMMENDATION |
| Defendant. | |

      This case is before be on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on January 29, 2013 (docket no. 10). In the R&R, Judge Strand recommends that I affirm a decision by the Commissioner of Social Security (the Commissioner) denying plaintiff Francisca Ramos (Ramos) disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. Ramos has timely filed objections to the R&R (docket no. 11). I adopt the recommendations in the R&R and affirm the Commissioner's decision.

      In her objections, Ramos makes the exact same argument she made before Judge Strand, but in even less detail. I therefore find it unnecessary to repeat the findings in Judge Strand's very detailed and well-reasoned R&R. I will review *de novo* the portions of the R&R to which Ramos objects. 28 U.S.C. § 636(b)(1). But, given the threadbare nature of Ramos's objections, I would be justified in reviewing the R&R only for clear error. *See Carter v. Colvin*, No. C 12-4085-MWB, 2013 WL 5970258, at \*3 (N.D. Iowa Nov. 8, 2013) (conducting clear error review of highly general objections). Regardless of the standard of review, however, I would adopt the recommendations in the R&R.

Ramos argues that the ALJ should have found her disabled at Step 5 based on 20 C.F.R. Part 404, Subpart P, App. 2, § 202.02. That section provides that a claimant of advanced age with limited education and no transferable skills should be found disabled *if that claimant is limited to light work*. *Id*. But, as Judge Strand noted, the ALJ did not find that Ramos was limited to light work. Rather, the ALJ found that Ramos "has the residual functional capacity [RFC] to perform a full range of work at all exertional levels," subject only to some nonexertional limitations. AR 19. Strangely, the ALJ later stated that Ramos was limited to light unskilled work. AR 25. But, I agree with Judge Strand's conclusion that this later statement was an "arguable deficiency in opinion-writing technique . . . unlikely [to] affect[] the outcome" of the ALJ's decision, which does not compel remand. *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (citation and internal quotation marks omitted). None of the medical opinions in this case suggest such a limitation and the ALJ expressly concluded that Ramos could work at all exertional levels at least twice in his decision. AR 19, 26.

Ramos also argues that "[t]he ALJ did not meet his burden of persusion [sic]" at Step 5 because "[t]he vocational expert did not identify *any* jobs appropriate for [Ramos]" (docket no. 11-1, at 3). At Step 5, the Commissioner bears the burden of *production*, not persuasion. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). But, in any event, the vocational expert did give examples of jobs that Ramos could perform—vacuum bottle assembler, faucet assembler, and desk/pen set assembler—and noted that they existed in substantial numbers in the regional and national economy. AR 53. Based on this evidence, I find that the Commissioner met her burden at Step 5.

Next, Ramos claims that, in the R&R, Judge Strand "acknowledges the ALJ erred in giving Dr. Crouch's opinions 'controlling weight'" but wrongly held that this error was harmless (docket no. 11-1, at 4). I agree that the error was harmless because

2

> even though the ALJ should not have given Dr. Crouch's opinion controlling weight, it clearly was entitled to great weight. Given that the opinion is consistent with the other opinions in the record, there is no indication that the ALJ would have decided Ramos's claim differently based on this slight adjustment to the weighting of Dr. Crouch's opinion. As such, the ALJ's erroneous characterization of Dr. Crouch as a treating source was harmless and does not require reversal. *See, e.g.*, *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) ("There is no indication that the ALJ would have decided differently . . . and any error by the ALJ was therefore harmless.").

(Docket no. 10, at 17). In her objections, Ramos offers no argument to the contrary.

Next, Ramos argues that the ALJ erred by failing to resolve an alleged conflict between the opinions of Drs. Crouch, Daly, and Griffith. All three of these doctors reached the same, core conclusion—that Ramos has no light perception in her right eye, 20/30 vision in her left eye, no severe restriction in her left eye, and no significant functional restrictions for activities that do not require binocular vision. AR 288, 292, 297. According to Ramos, Dr. Daly opined that Ramos's restrictions apply to *both* eyes, which conflicts with Dr. Crouch's opinion. Ramos claims that the notation "OU" (meaning *oculus utro*, "both eyes") appears in Dr. Daly's opinion at page 292 of the Administrative Record, supporting her argument. This is plainly wrong. Dr. Daly's opinion states that "[a]ll limitations are OD" (meaning *oculus dexter*, "right eye"). AR 292. There is simply no conflict that the ALJ could have erroneously failed to resolve.

Finally, Ramos states that "[i]n light of the ALJ's errors in evaluating the objective evidence, the ALJ's credibility assessment is tainted as well" (docket no. 11-1, at 5). To the extent this is even an argument, I reject it because I reject the alleged errors discussed above.

**THEREFORE,**

I adopt the recommendations in the R&R. The Commissioner's decision is affirmed. The Clerk shall enter judgment in favor of the Commissioner and against Ramos.

**IT IS SO ORDERED**.

**DATED** this 22nd day of April, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA